UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:  ENFORCEMENT OF PHILIPPINE FORFEITURE JUDGMENT AGAINST ALL ASSETS OF ARELMA, S.A., FORMERLY HELD AT MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, INCLUDING, BUT NOT LIMITED TO, ACCOUNT NUMBER 165-07312, AND ALL INTEREST, INCOME OR BENEFITS ACCRUING OR TRACEABLE THERETO | Misc. No. 19-412 (LAK)<br><br>RESPONDENT DURAN'S RULE 56.1 STATEMENT OF MATERIAL FACTS |

Pursuant to Local Civil Rule 56.1 of the United States District Court for the Southern District of New York Interpleader defendant Jose Duran, on his behalf and as Representative of a Class of Judgment Creditors of Imelda Marcos, Ferdinand R. Marcos and the Estate of Ferdinand E. Marcos ("Jose Duran"), submits this Rule 56.1 Statement of Material Facts as to which Jose Duran contends there exists no genuine issue to be tried.

1. In the 1970's, Jose Campos owned and controlled properties for Marcos.  Source: Swift Declaration, Exhibit 1.

2. In August 1972, Campos directed a Swiss banker to create a corporation under Panamanian law known as Arelma S.A. ("Arelma") for Marcos.  Source: *Pimentel v. Republic of the Philippines*, 553 U.S. 851, 857-58 (2008) ("Pimentel"); Swift Declaration, Exhibit 2.

3. Campos then directed the banker to open an investment account for Arelma at Merrill Lynch in New York City in 1972.  Source: Swift Declaration, Exhibit 3.

4. The account was funded with $2 million of money from Campos held in a Swiss bank account.  Source: *Pimentel* at 857; Swift Declaration, Exhibit 3.

5. This was the sole deposit into the Arelma account at Merrill Lynch.

{00202499 }

6. The account was frozen at Merrill Lynch in 1987 by order of a New York court in litigation known as *Republic of the Philippines v. Marcos*, but the freeze was lifted when the Republic dismissed the New York litigation. Source: Swift Declaration, Exhibit 4.

7. The Arelma Assets are now approximately $41 million. Source: Application, ¶ 1, ECF # 1.

8. Marcos fled the Philippines in February 1986 and lived in the United States until his death in 1989. Source: Application, ¶ 6 (ECF #1)

9. In 1998 and again in 2000, the Republic claimed the Arelma Assets at Merrill Lynch, demanded that Merrill Lynch turn over to the Republic the Arelma Assets, and threatened to sue Merrill Lynch if it failed to do so. Source: Swift Declaration, Exhibit 6.

10. As a result of multiple claims to the Arelma account, Merrill Lynch filed a statutory interpleader action in September 2000 in the United States District Court for the District of Hawaii which named the Class, Arelma and the Republic as parties. Source: *Pimentel* at 859; *Merrill Lynch v. Arelma*, 2004 WL 5326929 (D.HI)

11. The Republic was dismissed from the Hawaii interpleader in 2001 based on its assertion of sovereign immunity. Source: *Pimentel* at 859.

12. In December 1991, the Republic filed a forfeiture case in a Philippine court (the Sandiganbayan) under R.A. 1379 against the Marcos Estate with regard to the Swiss Bank accounts of the Marcoses. Source: Application, ¶ 10.

13. No claim for relief was made in the 1991 forfeiture complaint as to the Arelma Assets at Merrill Lynch.

14. In July 2004, the Republic filed a summary judgment motion as part of the 1991 forfeiture action seeking the Arelma Assets.  Source: *Pimentel* at 860.

15. In April 2009, a Philippine court, the Sandiganbayan, granted summary judgment in favor of the Republic.  Source: Application, ¶ 12.

16. A final judgment was entered by the Sandiganbayan under R.A. 1379 for "an estimated amount of USD 3,369,975 as of 1983, plus all interests and all other income that accrued thereon, until the time or specific day that all money or monies are released and/or transferred to the possession of the Republic." Source: Application, Att. A Ex. 1 at 80-81.

17. On direct appeal to the Philippine Supreme Court, that Court affirmed the forfeiture judgment on April 25, 2012, ruling that "forfeiture suits under R.A. 1379 are civil in nature." Source: Application, Att. A, Ex. 2 at 10.

18. A motion for reconsideration was denied on March 12, 2014.  Source: Application, ¶ 12.

19. The United States Attorney General filed his § 2467 Application to recognize and enforce the 2009 Sandiganbayan judgment on June 27, 2016.  Source: Application, ECF # 1.

20. Between 1972 and 2000, the Arelma Assets were held by Merrill Lynch in New York.  Source: *Pimentel* at 857.

21. Between 2000 and 2009, the Arelma assets were in the Federal Court in Hawaii for a statutory interpleader. Source: Swift Declaration, Exhibit 6.

22. Thereafter the Arelma Assets were returned to Merrill Lynch in New York and presently reside with the New York State Comptroller per Order of the New York

Supreme Court.  Source: Opinion of July 15, 2019 at 11-12 (ECF #30).

23. The Arelma Assets have remained in the United States since 1972.

Dated:  September 18, 2019
    New York, New York    By:  /s/Robert A. Swift
                                            Robert A. Swift
                                            (Admitted *pro hac vice*)
                                            Kohn, Swift & Graf, P.C.
                                            1600 Market Street, 25th Floor
                                            Philadelphia, PA 19103
                                            (215) 238-1700

                                            Jeffrey E. Glen
                                            Anderson Kill, P.C.
                                            1251 Avenue of the Americas
                                            New York, NY  10020
                                            (212) 278-1000

                                            Of Counsel:

                                            Sherry P. Broder
                                            Sherry P. Broder – A Law Corporation
                                            500 Ala Moana Boulevard, Suite 7400
                                            Honolulu, HI 96813
                                            (808) 531-1411

                                            *Attorneys for Intervening Respondent Jose Duran*
                                            *and the Class of Filipino Judgment Creditors*
                                            *Certified in MDL No. 840*