```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2-7-2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE: ENFORCEMENT OF PHILIPPINE
FORFEITURE JUDGMENT AGAINST ALL
ASSETS OF ARELMA, S.A. etc
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

19-mc-412 (LAK)

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

      The government here appeals from an opinion and order of a magistrate judge (Dkt 240) (the "Order") that granted the motion of Jeana Roxas, on behalf of the Estate of Roger Roxas, to amend her answer, *a motion made more than a month after the deadline for the completion of discovery.* It contends that the Order erred as a matter of law. First, it argues that the Order erroneously applied Fed. R. Civ. P. 15 instead of Fed. R. Civ. P. 16 in deciding the motion for leave to amend. Moreover, it says, leave could not properly have been granted had the Rule 16 "good cause" standard been applied.

      The Order appealed from first concluded that the Rule 16(b)(4) "good cause" standard did not apply because the "scheduling order did not contain a deadline for the amendment of an answer." In any case, it viewed the court as having "'discretion to apply the more liberal standard' under Rule 15 instead of the 'more exacting standard' laid out in Rule 16, even where a deadline for amending pleadings appears in a scheduling order."[1] This Court respectfully disagrees.

      The Order concluded that its grant of leave to amend required affording the government the opportunity to supplement its prior expert disclosure to meet the newly added defenses. The scheduling order, as amended (Dkt 155), however, required the disclosure of expert evidence no later than April 15, 2022 – more than three months before Roxas moved for leave to amend her answer – and the completion of expert depositions by June 20, 2022. Thus, the grant of

---

[1] Order, at 5.

2

leave to amend, affording the government the opportunity to file a supplemental expert report, in substance altered the scheduling order. In my view, the Rule 16(b)(4) "good cause" standard therefore applied to the motion for leave to amend.

Nor do I agree that the Court may apply the more liberal standard of Rule 15 where Rule 16 applies. Neither of the Second Circuit rulings cited in the Order so indicates, judge authorizes such discretion, and no Second Circuit decision has affirmed a district court's use of the Rule 15(a) standard in lieu of the Rule 16(b) "good cause" standard in like circumstances. To the contrary, in *Kassner*, the Court of Appeals held:

> "Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed. *See* Fed. R. Civ. P. 16(b). Under Rule 16(b), a party may obtain a modification of the scheduling order *only* 'upon a showing of good cause.'"[2]

Thus, Second Circuit precedent requires district courts to apply the Rule 16(b) "good cause" standard when considering a modification of the scheduling order.

In this case, leave to amend was granted despite the magistrate judge's well justified conclusions that Roxas "offer[ed] no explanation as to why she could or did not amend sooner" and that "the motion to amend c[a]me[] after an inordinate and inexcusable delay."[3] The magistrate judge did so on the theory that the government would not be "unduly prejudiced" because no additional

---

[2] *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) (quoting Fed. R. Civ. P. 16(b)) (emphasis added); *see also Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000) ("[I]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998) (per curiam))); *id.* ("We now join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover, we agree with these courts that a finding of 'good cause' depends on the diligence of the moving party.").

[3] Order, at 6.

3

factual discovery would be required in view of the fact that the Order allowed the government to meet the new defenses with a supplemental expert report and precluded any additional factual discovery.[4] In my view, however, that is not the correct standard and is not sufficient here as a matter of law. "Undue prejudice" is the standard for amending a pleading under Rule 15, not Rule 16 as applicable here. Under Rule 16, "a finding of 'good cause' *depends on* the diligence of the moving party."[5] While a district court may consider other relevant factors, including any prejudice to the non-movant, the diligence of the moving party remains the "primary consideration."[6] Here, the magistrate judge found that the addition of an expert report would result in some, albeit minimal, "disruption" to the government.[7] In view of Roxas's lack of diligence, I find that Roxas has failed to show good cause for amending the scheduling order to allow the amended pleading.

Accordingly, the Order (Dkt 240) is reversed. Roxas's motion for leave to amend (Dkt 184) is denied.

SO ORDERED.

Dated: February 7, 2023

_____
Lewis A. Kaplan
United States District Judge

---

[4] Order, at 12.

[5] *Parker*, 204 F.3d at 340 (emphasis added)

[6] *Kassner*, 496 F.3d at 244 ("[T]he primary consideration is whether the moving party can demonstrate diligence.").

[7] Order, at 13.